UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRIY SHCHEGELSKIY,

           Plaintiff,

     -against-

UNITED STATES OF AMERICA, and
IGRIA CONSULTING,

           Defendants.

**ORDER**

20 Civ. 2395 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        On March 18, 2020, Plaintiff Andriy Shchegelskiy filed a Complaint under the Federal Tort Claims Act against the United States and Igria Consulting (collectively, the "Defendants") related to an automobile accident.  (See generally Cmplt. (Dkt. No. 1))  The filing was defective, and Plaintiff refiled the Complaint on March 20, 2020.[1]  (See Refiled Cmplt. (Dkt. No. 3))  That same day, this Court referred this case to Magistrate Judge Barbara C. Moses for general pretrial supervision.  (Dkt. No. 2)

        On October 28, 2020, Judge Moses issued a Report and Recommendation ("R&R"), recommending that the Complaint be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to serve.  (See R&R (Dkt. No. 13))  In a November 10, 2020 letter, Plaintiff concedes that service of process was not effectuated in accordance with Rule 4(m), blaming a clerical error.[2]  (Pltf. Nov. 10, 2020 Ltr. (Dkt. No. 14) at 1)  Plaintiff states that service has now been made, however, and asks the Court to deem service complete.  (Id.)

---

[1] Plaintiff alleges that a car owned by both the Federal Bureau of Investigation ("FBI") and Igria Consulting, driven by an FBI employee, collided with his car, causing him injuries.  (Refiled Cmplt. (Dkt. No. 3) ¶¶ 3-4, 7, 10)

[2] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

In reviewing a Magistrate Judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. For purposes of this order, the Court construes Plaintiff's November 10, 2020 letter (Dkt. No. 14) as a timely objection and reviews Judge Moses's R&R de novo.

For the reasons stated below, Judge Moses's R&R will be adopted in its entirety, and this action will be dismissed without prejudice.

## BACKGROUND

In a July 7, 2020 order – issued more than 90 days after Plaintiff had re-filed the Complaint – Judge Moses ordered Plaintiff to show cause by "**July 24, 2020**, why his complaint should not be dismissed pursuant to Rule 4(m) for failing to serve defendants[.]" (Dkt. No. 6 (emphasis in original))

On July 22, 2020, Plaintiff's counsel requested an extension of time to serve Defendants, citing the "exigent circumstances following the COVID-19 pandemic outbreak in the State of New York," and stating that his law "firm ha[d] resumed its standard operation" as of July 2020. (Pltf. July 22, 2020 Ltr. (Dkt. No. 7) at 1) That same day, Judge Moses granted Plaintiff's request, and directed that Plaintiff "effect service of the Summons and Complaint in this matter on defendants no later than **August 5, 2020**, and promptly file proof of service on ECF." (Dkt. No. 9 (emphasis in original))

On August 4, 2020 Plaintiff filed both an Affidavit of Process Server and an Affidavit of Non-Service.  (See Dkt. No. 12)  In the former, a process server attests to serving the "United States of America, by serving U.S. Department of Justice by delivering a conformed copy of the Summons in a Civil Action; Civil Cover Sheet; Complaint; by Certified Mailing to United States of America, by serving U.S. Department of Justice at 950 Pennsylvania Ave., NW, Washington, DC[.]"  (Id. at 1 (emphasis omitted))  In the latter, a process server attests that he was not able to serve Ingria Consulting due to a non-existent address.  (Id. at 2)

## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure addresses how to serve the United States as well as time limits for service.  See, e.g., Fed. R. Civ. P. 4(i), (m).  As to service on the United States, Rule 4(i) provides as follows:

> (1) . . . To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)-(C).

Rule 4(m) provides that where

> a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified

3

>   time.  But if the plaintiff shows good cause for the failure, the court must extend
>   the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

When Judge Moses issued her R&R on October 28, 2020, Igria Consulting had not been served, and proper service on the United States had not been made, because Plaintiff had not served the U.S. Attorney's Office for the Southern District of New York.  (See Dkt. No. 12; R&R (Dkt. No. 13) at 2)  Service was not made even though Judge Moses granted an extension of the deadline to serve, and even though seven months passed between the filing of the Complaint and Judge Moses's October 28, 2020 R&R.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed," a court "must dismiss the action without prejudice or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

In determining good cause, "[t]he court looks to whether the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under [Rule] 6(b) for an extension of time in which to serve the defendant."  Dickerson v. Chertoff, No. 06 Civ. 7615 (RLC), 2008 WL 5329312, at *1 (S.D.N.Y. Dec. 17, 2008), aff'd sub nom. Dickerson v. Napolitano, 604 F.3d 732 (2d Cir. 2010) (citation and quotation marks omitted).  "The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant."  Id. (citation omitted).  "Good cause, or 'excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control.  An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause."  Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003) (citations omitted).  Here, Plaintiff has not shown "good cause" for failing to timely serve

Defendants.  Accordingly, this action will be dismissed without prejudice.  Id.; see also Fed. R. Civ. P. 4(m).

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety, and the Complaint is dismissed without prejudice.  The Clerk of Court is directed to close this case.

Dated: New York, New York
      February 24, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge